UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

RRH FLORIDA, LLC d/b/a Denny's restaurant #9595,
and HELEN KING TELLEKAMP TRUST

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant RRH Florida, LLC doing business as Denny's restaurant #9595 and Defendant Helen King Tellekamp Trust for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is substantially limited in the major life activity of walking.

5. Defendant RRH Florida, LLC (also referenced as "Defendant RRH Florida," "operator," lessee" or "co-Defendant") is a foreign limited liability company authorized to transact business in Florida. On information and belief, Defendant RRH Florida is a franchise operator of the Denny's restaurant #9595 which is located at 1 Miracle Mile, Coral Gables Florida 33134, which is the subject of this action.

6. Defendant Helen King Tellekamp Trust (also referenced as "Defendant Tellekamp Trust," "lessor," "owner," or "co-Defendant") is the owner of Folio 03-4108-008-0030 which represents commercial real property located at 1 Miracle Mile, Coral Gables, Florida 33134. Defendant Tellekamp Trust's commercial property built-out as a Denny's restaurant.

## FACTS

7. On information and belief, at all times material hereto, Defendant Tellekamp Trust has leased its 1 Miracle Mile commercial property to co-Defendant RRH Florida which in turn operated a Denny's franchise restaurant within that leased space.

8. Defendant RRH Florida's franchised Denny's restaurant specializes in breakfast food but also serves meals for lunch and dinner as well as drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C.

§12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Denny's restaurant #9595 which is the subject to this action is also referred to as "Denny's (restaurant)," "Denny's at 1 Miracle Mile," "restaurant," or "place of public accommodation."

9. Denny's brand restaurants are an American multinational diner style restaurant chain. There are over 1,700 Denny's restaurant locations. Denny's restaurants are operated by the corporation and by independent franchisees.

10. As a franchisee operator of a Denny's restaurant open to the public, Defendant RRH Florida is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. As the owner of commercial property which is built out as a Denny's restaurant open to the general public, Defendant Tellekamp Trust is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. Due to the close proximity of the Denny's restaurant at 1 Miracle Mile to Plaintiff's home, on August 7, 2021 Plaintiff went to that restaurant with the intent of dining therein.

13. While Plaintiff was dining, he had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

14. Due to the inaccessible facilities, Plaintiff has been denied full and equal access by the operator of the restaurant (Defendant RRH Florida) and Defendant Tellekamp Trust, the owner of the commercial property housing the restaurant.

15. While Plaintiff dined at the Denny's restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16. On information and belief, as a franchise operator of Denny's restaurant #9595, Defendant RRH Florida is well aware of the need to provide equal access to individuals with disabilities. Defendant RRH Florida's failure to reasonably accommodate individuals with disabilities at its franchised Denny's restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. On information and belief, as an investor in commercial property, Defendant Tellekamp Trust is aware of the ADA and the need to provide for equal access within its 1 Miracle Mile commercial property. Therefore, Defendant Tellekamp Trust's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by the operator of Denny's restaurant #9595 (Defendant RRH Florida) and by the owner of the commercial property which houses the restaurant (Defendant Tellekamp Trust).

19. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

20. Plaintiff is and has been a customer of Denny's restaurants and continues to desire to return to the Denny's restaurant located at 1 Miracle Mile to dine, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

21. Any and all requisite notice has been provided.

22. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

23. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

24. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

25. Prior to the filing of this lawsuit, Plaintiff personally visited the Denny's restaurant at 1 Miracle Mile in order to dine therein. However, Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) he met barriers to access when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

26. Defendant RRH Florida (operator of the restaurant) and Defendant Tellekamp Trust (owner of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Denny's restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Denny's restaurant located at 1 Miracle Mile.

28. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

30.   Defendant Tellekamp Trust's commercial property which is leased by Defendant RRH Florida and operated as a Denny's restaurant is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner and the lessee/operator are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not enter the accessible stall without assistance, as the water closet is in front of the stall door. The fact that the accessible toilet compartment (stall) door is not located in partition or side wall farthest from water closet is a violation of Section 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

   ii. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles. Failure to provide pull handles on both sides of the door near the latch is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

   iii. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the non-compliant placement of the paper towel dispenser over the rear wall grab bar.

        The fact that the paper towel dispenser is mounted over the rear wall grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

v. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

vi. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due the encroaching lavatory. As the lavatory is mounted at 56.75" from the water closet side wall, the required clear floor space is not provided. This is a violation Section 604.3 of the

   2010 ADA Standards for Accessible Design. Section 604.3.1 states that clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall. Section 604.3.2 does not give an exception of overlap of the clear floor space with a lavatory/sink.

vii. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

viii. As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 604 of the 2010 Standards for Accessible Design. Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be

        7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

ix.    As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror inside the accessible stall as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

x.    Additionally, as to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror outside the accessible stall as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

xi.    As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not use the paper towel dispenser outside the stall without assistance, as it is not mounted at the required location. As the paper towel dispenser is not mounted at the required location, this is

       a violation of Section 4.2.5 of the ADAAG which states that the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5(a)), and the minimum low forward reach is 15 in (380 mm), and Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

xii.    As to Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting the restroom area without assistance, as the amount of force required to open the door restroom door to exit requires excessive weight/force to open.  This is in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards for Accessible Design. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum for interior doors (such as restroom doors).

xiii.    In addition, as Defendant RRH Florida (lessee/operator) and Defendant Tellekamp Trust (owner/lessor) (jointly and severally), Plaintiff could not exit the restroom stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to a stall partition.  This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within

specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

31.     Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the Denny's restaurant at 1 Miracle Mile accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

32.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner Defendant Helen King Tellekamp Trust and Defendant RRH Florida, LLC (lessee and operator of Denny's restaurant #9595) and requests the following relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring Defendants to alter the 1 Miracle Mile commercial property and the Denny's restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 5th day of October, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*